UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH YERUSHALMI,

                        Appellant,

-against-
                                                    **OPINION & ORDER**
                                                    **08 CV 04330 (SJF)**

AMNON SHIBOLELTH, individually and
on behalf of Yerushalmi, Shiboleth, Yisraeli
& Roberts, LLP

                        Appellees.
---------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

      Joseph Yerushalmi ("Appellant") appeals (the "Appeal") from an order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") dated September 4, 2008 (the "September 2008 Bankruptcy Order"), which, *inter alia*, granted Appellant's motion to dismiss the First Cause of Action and denied Appellant's motion to dismiss the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in the Complaint filed in the underlying adversary bankruptcy proceeding (the "Adversary Proceeding"). Before the Court is the motion of appellees Amnon Shibolelth's ("Shibolelth"), individually and on behalf of Yerushalmi, Shiboleth, Ysiraeli & Roberts, LLP ("YSYR") (collectively "Appellees") to dismiss the Appeal pursuant to Rule 8001(b) ("Rule 8001(b)") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), alleging, *inter alia*, that the September 2008 Bankruptcy Order is interlocutory and Appellant has not sought leave to appeal in accordance

with 28 U.S.C. § 158(a)(3) ("§ 158(a)(3)") and Bankruptcy Rule 8003. For the reasons set forth below, the motion of Appellees is granted.

II.     Background

From in or about 1987 through 1995, Appellant and Shibolelth were partners in YSYR. (Appellant's Mem. of Law in Opp'n to Appellees' Mot. to Dismiss Appeal, filed Apr. 10, 2009 ("Appellant's Opp'n."), p.4) On or about March 31, 1995, the partners agreed to terminate the partnership. (Id.)

On January 23, 1998, Appellees commenced an action in the Supreme Court of the State of New York, County of Nassau, bearing index no. 600350/98 (the "Accounting Action"), against Appellant, Yerushalmi & Associates, L.L.P. ("Y&A"), N.S.N. International Industries, N.V., Rank Enterprises, Inc., and Barry I. Fredericks, seeking, *inter alia*, a judicial dissolution of and an accounting for YSYR. (Appellant's Opp'n, pp. 4-5; Affirm in Supp. of Appellees' Mot., filed Apr. 10, 2009 ("Rosen Affirm."), ¶ 5.) By Decision and Order dated March, 7, 2002, the State Supreme Court referred the accounting to a special referee (the "Special Referee"). (Appellant's Opp'n p. 5.) On November 28, 2006, the Special Referee issued a decision in favor of Appellees, (id.; Rosen Affirm. ¶ 6), and, on March 7, 2007, a judgment in the amount of approximately 3.5 million dollars was entered in favor if Appellees ("March 2007 Judgment). (Appellant's Opp'n .6)

Appellant filed an appeal and, by Decision and Order dated January 6, 2009, the March 2007 Judgment was remanded to the Special Referee to re-apportion the value of two (2) contingency fees and otherwise affirmed. (Affirm. in Reply to Appellants' Opp'n, filed Apr. 10,

2

2009 ("Reply Affirm."), ¶ 6.) While the appeal was still pending, on July 25, 2007, Appellant and Y&A filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. Upon motion of Appellees, the cases was converted to Chapter 7 of the Bankruptcy Code cases. (Appellant's Opp'n p. 7.)

On February 25, 2008, Appellees commenced the Adversary Proceeding seeking, *inter alia*, a determination that the March 2007 Judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (4) and (6), and to deny Appellant's discharge of the debt pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A), and 727(a)(5). (Appellant's Opp'n pp. 7-8; Rosen Affirm. ¶ 7.) On September 4, 2008, the Bankruptcy Court issued the September 2008 Bankruptcy Order granting Appellant's motion to dismiss the First Cause of Action and denying Appellant's motion to dismiss the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in the Complaint.

Appellant filed a notice of appeal ("Notice of Appeal"), seeking to appeal the September 2008 Bankruptcy Order.

III. Discussion

A. Legal Standard

An appeal from "final judgments, orders, and decrees" of the Bankruptcy Court may be appealed to a district court as of right. See 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). An order is final "if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case." In re Penn Traffic Co., 466 F.3d 75, 77-78 (2d Cir. 2006) (citation omitted). "Given the strong

federal policy against piecemeal appeals, . . . a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." In re Fugazy Exp. Inc., 982 F.2d 769, 775-76 (2d Cir. 1992). "[T]he order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Id. at 776.

"[I]nterlocutory orders and decrees" may be appealed "with leave of the court." 28 U.S.C. § 158(a)(3); see In re AroChem Corp., 176 F.3d 610, 618 (2d Cir. 1999) (stating that "[w]hile final orders of the bankruptcy court may be appealed to the district court as of right . . . appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court") (quoting U.S.C. § 158(a)(3)). "An appeal from an interlocutory judgment, order, or decree . . . shall be taken by filing a notice of appeal, . . . accompanied by a motion for leave to appeal . . . ." Fed. R. Bankr. P. 8001(b). "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court" may: (1) "grant leave to appeal;" (2) "direct that a motion for leave to appeal be filed;" or (3) "deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." Fed. R. Bankr. P. 8003(c).

To determine whether leave to appeal an interlocutory order should be granted, a district court considers whether: (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see In re Cutter, No. 05 Civ. 5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006) (stating that, while neither § 158 nor the Bankruptcy Rules "provides guidelines for determining whether a district court should grant leave to appeal, . . . most district courts in the Second Circuit have

4

applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)") (citations omitted). It is in the district court's "discretion" to "permit an appeal to be taken from such order." 28 U.S.C. § 1292(b). "Additionally, 'the party seeking an interlocutory appeal has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" In re Enron Corp., No. M-47, 2008 WL 281972, at * 3 (S.D.N.Y. Jan. 25, 2008) (quoting In re Worldcom, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (stating that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment'") (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)).

"A smaller number of district courts in the Second Circuit have applied the collateral order doctrine to decide whether to grant leave to appeal from an interlocutory order." In re Cutter, 2006 WL 2482674, at *4 (citation omitted.) The collateral order doctrine provides that "a court of appeals may review an interlocutory order that (1) conclusively determines a disputed question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." In re Johns-Manville Corp., 824 F.2d 176, 180 (2d Cir. 1987) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 125, 93 L.Ed. 1528 (1949); Coopers, 437 U.S. at 468, 98 S.Ct. at 2457.

5

B. Application

The September 2008 Bankruptcy Order granting in part and denying in part Appellant's motion to dismiss is an interlocutory order. See Americare Health Group, Inc. v. Melillo, 223 B.R. 70, 74 (E.D.N.Y. 1998) (stating that "the bankruptcy court's order denying defendant's motion to dismiss . . . is not a final order because the denial of a motion to dismiss does not end the litigation on the merits"); Marlin v. United States Trustee, 333 B.R. 14, 20 (W.D.N.Y. 2005) (stating that "[a] motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and non-final order") (citations omitted). Although Appellant did not file a motion for leave to appeal the September 2008 Bankruptcy Order, Appellant contends that: (1) the Notice of Appeal should be considered a motion for leave to appeal; (2) leave to appeal should be granted under § 1292(b); and (3) leave to appeal should be granted under the collateral order doctrine.

Assuming, *arguendo*, that Appellant's Notice of Appeal is considered a motion for leave to appeal, the motion is denied, because "interlocutory appeals are strongly disfavored in federal practice, " In re Adelphia Communications Corp., No. 07 Civ. 9999, 2008 WL 361082, at * 1 (S.D.N.Y. 2008), and Appellant has not met his burden of showing "exceptional circumstances" to warrant appellate review of an interlocutory order. See Klinghoffer, 921 F.2d at 25 (citation omitted).

Moreover, while the September 2008 Bankruptcy Order may involve a controlling question of law and an immediate appeal may materially advance the ultimate termination of the litigation, see North Fork Bank v. Abelson, 207 B.R. 382, 389 (E.D.N.Y. 1997) (stating that "[t]o establish that an order contains a controlling question of law, it must be shown that either (1)

reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation) (citing Klinghoffer, 921 F.2d at 24), Appellant has failed to show that there are substantial grounds for a difference of opinion. See North Fork, 207 B.R. at 390 (stating that "[f]or there to be substantial grounds for difference of opinion regarding an issue, it must involve more than strong disagreement between the adversary parties . . . . [f]or example, there are substantial grounds for difference of opinion when the issue is "difficult and of first impression") (quoting Klinghoffer, 921 F.2d at 25); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (stating "that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"). Contrary to Appellant's contention, upon reviewing Appellant's opposition papers, including Appellant's Brief, the issues raised in Appellant's appeal do not "collectively establish 'a genuine doubt as to whether the [B]ankruptcy [C]ourt applied the correct legal standard" in denying Appellant's motion to dismiss as to the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in the Complaint. In re Worldcom, Inc., 386 B.R 76, 79 (S.D.N.Y. 2006)).

The September 2008 Bankruptcy Order also does not fall withing the "narrow exception" provided under the collateral order doctrine, Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985), as "the denial of [Appellant's] motion to dismiss can be effectively reviewed on appeal from a final judgment." North Fork, 207 B.R. at 389; see Americare Health Group, Inc., 223 B.R. at 74 (stating that "the bankruptcy court's order denying defendant's motion to dismiss . . . is not . . . an appealable interlocutory order under the collateral order doctrine because the order may be reviewed on appeal from any judgment

7

adverse to defendant"); see also In re Johns-Manville Corp., 824 F.2d at 180 (stating that the collateral order doctrine "is confined to 'trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal'") (quoting Richardson-Merrell, 472 U.S. at 430-31, 105 S.Ct. at 2761).

Accordingly the motion of Appellees to dismiss the Appeal is granted.

IIV. Conclusion

For the reasons stated herein, the motion of Appellees is GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 1, 2009
Central Islip, New York